IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Sonequa Sutton,<br><br>                Plaintiff,<br>vs.<br><br>Martin J. O'Malley, Commissioner of Social Security Administration,[1]<br>                Defendant. | Civil Action No. 0:23-cv-4661-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff Sonequa Sutton ("Sutton" or "Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed July 29, 2024, recommends the decision of the Commissioner be affirmed. ECF No. 16. On August 12, 2024, Plaintiff filed objections to the Report. ECF No. 17. On August 26, 2024, the Commissioner filed a response to Plaintiff's objections. ECF No. 18. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

---

[1] As noted by the Magistrate Judge, Martin J. O'Malley is the current Commissioner of the Social Security Administration and is automatically substituted as Defendant. Fed. R. Civ. P. 25(d).

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*,

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB on November 27, 2017, alleging disability as of May 1, 2014, due to severe impairments of osteoarthritis and degenerative joint disease of the left wrist, seronegative rheumatoid arthritis, and fibromyalgia. ECF No. 16 at 2. Plaintiff's application was denied initially and upon reconsideration. A hearing was held on October 9, 2019, before an Administrative Law Judge ("ALJ"), who issued a decision finding Plaintiff was not disabled. ECF No. 10-2 at 9-50. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1-6. Plaintiff filed an action in this court, and it was remanded to the Commissioner for further proceedings. *Sutton v. Kijakazi*,

3

Civil Action No. 0:20-cv-3983-CMC-PJG. Following that Order, the Appeals Council vacated the ALJ's decision and remanded for further administrative proceedings.

A second hearing was held December 15, 2022. ECF No. 10-9 at 43. On January 18, 2023, the ALJ issued a decision finding Plaintiff was not disabled under the Act. *Id.* at 18. The Appeals Council again denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. *Id.* at 2. Plaintiff filed the instant action in this court. ECF No. 1.

## **Discussion**

In this case, Plaintiff asserts the ALJ failed to properly follow SSR 12-2p regarding fibromyalgia, specifically by requiring objective findings to support the severity of the impairment. ECF No. 11. The Magistrate Judge recommends the court affirm the Commissioner's decision as the ALJ appropriately considered Plaintiff's fibromyalgia and Plaintiff failed to direct the court to record evidence that would render the ALJ's RFC determination unsupported by substantial evidence. ECF No. 16 at 8.

Plaintiff objects to the Report's evaluation of fibromyalgia and asserts the ALJ improperly relied, at least in part, on a lack of objective evidence. ECF No. 17 at 3. She asserts the record as a whole reflects continuous treatment for pain, continued pain, and treatment adjustments in the course of treating her fibromyalgia. *Id.* at 4. She contends remand is warranted. The Commissioner replied, arguing Plaintiff repeats the arguments she made in her initial briefs, which the Magistrate Judge considered but rejected, and the Report appropriately assessed Plaintiff's arguments. ECF No. 18.

4

*1) Fibromyalgia*

Plaintiff objects to the Magistrate Judge's evaluation of her fibromyalgia. ECF No. 17. Plaintiff attempts to distinguish a case relied upon in the Report, *Tanika W. v. Kijakazi*, C/A No. 1:22-3691-RMG-SVH, 2023 WL 6050446, at *15 (D.S.C. Aug. 23, 2023, adopted by 2023 WL 6049982 (D.S.C. Sept. 15, 2023). She asserts her treatment records reveal significant, ongoing treatment related to fibromyalgia, in contrast to *Tanika W*. She contends the ALJ relied, at least in part, on lack of objective evidence, which is disallowed by Fourth Circuit authority in *Arakas v. Comm'r.*, 983 F.3d 83 (4th Cir. 2020). She concludes a "fair review of the ALJ's decision does not show adequate consideration of Sutton's fibromyalgia and is in fact inconsistent with binding law of this Circuit." ECF No. 17 at 4.

The Commissioner replied, noting Plaintiff's objections raise the same issues brought in her briefs and considered by the Magistrate Judge. ECF No. 18 at 1-2. He further argues *Tanika W.* is not distinguishable, but even if it is, Plaintiff failed to distinguish *Barbara S. v. Kijakazi*, No. 1:22-cv-001237-JD-SVH, 2022 WL 3005386, at *9-13 (D.S.C. June 15, 2022), adopted by 2022 WL 2990763 (D.S.C. July 28, 2022), which stands for the same proposition. Finally, the Commissioner contends *Arakas* was not violated by the ALJ, as she did not solely rely on objective evidence or lack thereof to reject Plaintiff's claims. *Id.* at 4.

The court agrees with the Magistrate Judge, and finds Plaintiff's objections unavailing. The ALJ thoroughly and soundly evaluated Plaintiff's history of fibromyalgia within the confines of *Arakas*, which held an ALJ "may not rely on objective medical evidence (or lack thereof) – even as just one of multiple factors – to discount a claimant's subjective complaints regarding

5

symptoms of fibromyalgia." 983 F.3d at 97. Here, Plaintiff was diagnosed with, and sought treatment from providers including rheumatology, for diagnoses of fibromyalgia as well as seronegative rheumatoid arthritis and osteoarthritis. The ALJ acknowledged these impairments and noted although Plaintiff "reports and sought treatment for pain related to her arthritis and fibromyalgia, her presentation on exam indicates the treatment was effective and the claimant's presentation was not generally consistent with or supports a finding of disability." ECF No. 10-9 at 28. While the ALJ detailed findings on examination that she believed did not support Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, she appears to have considered the arthritis and fibromyalgia as multiple diagnoses that could cause the pain reported and therefore did not rely on objective evidence to discount Plaintiff's subjective complaints of symptoms of only fibromyalgia. *See Tanika W.,* 2023 WL 6050446, at *16 ("Because the ALJ was not considering fibromyalgia in isolation, he did not err in considering the clinical exam and laboratory findings as one of multiple factors in evaluating Plaintiff's statements as to her other impairments.").

  Further, the ALJ relied less on objective medical evidence than she did on the efficacy of Plaintiff's treatment for her fibromyalgia. *Id.* at *17 ("It would have been improper for the ALJ to rely exclusively on an absence of clinical exam and laboratory findings in rejecting Plaintiff's statements, but he did not rely on objective evidence alone.").[3] Plaintiff also contends the ALJ's

---

[3] Although Plaintiff attempts to distinguish *Tanika W.* in her objections, the court disagrees with her assertion "there were differences that warranted a different outcome." ECF No. 17 at 2. She

statements using "although" and "however" show she inappropriately considered objective evidence in the following paragraph:

> inconsistent because ***although*** she reports and sought treatment for pain related to her arthritis and fibromyalgia, her presentation on exam indicates the treatment was effective and the claimant's presentation was generally not consistent with or supports a finding of disability. I note that Little River Medical Center had authorized a handicapped placard for the past two years (Exhibit 49F); however, the medical records, including examination notes from that practice showing normal gait and no significant motor or neurological deficits, do not corroborate the issuance of those placards. The claimant's reports of pain in both hands is supported by the treatment history of receiving injections; ***however***, her reports of weakness are inconsistent with routine ***findings of no weakness*** (Exhibits 39F and 52F) and consistent findings of ***full range of motion no motor or neurological deficits***. (emphasis added).

ECF No. 10-9 at 28. It appears to the court, however, the ALJ's statement regarding the handicap placard was not utilizing the objective medical findings to discount Plaintiff's subjective reports of pain or other symptoms, but merely that the issuance of the placard may not have been supported by the medical findings. In addition, as noted above, the ALJ is discussing Plaintiff's fibromyalgia and arthritis together, and such an analysis would be appropriate for evaluation of arthritis**.**

Finally, Plaintiff argues the record as a whole shows continuous treatment for pain, continuous and consistent complaints of pain, and the need for treatment adjustments. She contends her course of treatment is consistent with her subjective complaints of pain and

---

contends her treatment records show "significant, ongoing treatment specifically for fibromyalgia," and the ALJ "provided specific discussion related to fibromyalgia pain and lack of objective evidence substantiating her alleged pain," in contrast to *Tanika W*. *Id.* However, as explained above, the ALJ in this case considered Plaintiff's pain as related to fibromyalgia and arthritis, often discussing the diagnoses and symptoms together. Accordingly, *Tanika W.* is not so distinguishable as to render the legal conclusions inapplicable.

limitations one would expect from fibromyalgia, and the ALJ did not adequately consider this when determining she is not disabled. However, the function of the court is not to reweigh the evidence. The court has determined the ALJ did not run afoul of Fourth Circuit precedent and her decision is supported by substantial evidence. *See Johnson*, 434 F.3d at 653.

Accordingly, the court overrules Plaintiff's objections and agrees with the Magistrate Judge the ALJ's analysis of fibromyalgia was sufficient.

### Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
September 4, 2024